46

[829 NYS2d 913]

In the Matter of KEITH JOHN KALMUS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 27, 2007

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Robert A. Green* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

Motion by the petitioner to strike the name of the respondent, Keith John Kalmus, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4), upon the ground that the respondent has been automatically disbarred by virtue of a felony conviction.

On January 25, 2006, the respondent appeared with counsel before Judge Andrew A. Crecca, in the County Court, Suffolk County, and pleaded guilty to manslaughter in the second degree, Penal Law § 125.15, a class C felony, vehicular manslaughter in the second degree, Penal Law § 125.12, a class D felony, vehicular assault in the second degree, Penal Law § 120.03, a class E felony (two counts), assault in the third degree, Penal Law § 120.00, a class A misdemeanor, and operating a motor vehicle while under the influence of alcohol, Vehicle and Traffic Law § 1192 (2), an unclassified misdemeanor.

On March 24, 2006, the respondent again appeared with counsel before Judge Crecca and was sentenced to an indeterminate term of imprisonment of 3 to 9 years for manslaughter in the second degree, an indeterminate term of imprisonment of 2 to 6 years for vehicular manslaughter in the second degree, an indeterminate term of imprisonment of $1^{1}/_{3}$ to 4 years for each conviction of vehicular assault in the second degree, a definite term of imprisonment of one year for assault in the third degree, and a definite term of one year for operating a motor vehicle under the influence of alcohol, with all sentences to run concurrently. In addition, the court imposed a $1,000 fine, a mandatory surcharge of $270, a vehicle and traffic surcharge of $25, and a DNA fee of $50, and the respondent's privileges to operate a motor vehicle were revoked for a minimum of one year.

Pursuant to Judiciary Law § 90 (4) (b), an attorney who has been convicted of a New York State felony is disbarred by operation of law. Although served with the petitioner's motion, the respondent did not submit any response.

PRUDENTI, P.J., MILLER, SCHMIDT, RIVERA and FLORIO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Keith John Kalmus, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Keith John Kalmus, shall comply with this Court's rules governing the conduct of

48

disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Keith John Kalmus, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Keith John Kalmus, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).